Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DAVID HAJIME BROWN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| DAVID HAJIME BROWN,<br><br>Plaintiff,<br>v.<br><br>MANDARICH LAW GROUP, LLP, a California limited liability partnership, and CACH, LLC, a Colorado limited liability company,<br><br>Defendants. | Case No. ________________________<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, DAVID HAJIME BROWN, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt

collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Plaintiff also seeks statutory damages, attorney fees and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

/ / /

[1] Cal. Civil Code § 1788.1(a)(1).

## II. JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Alameda County.

## V. PARTIES

8. Plaintiff, DAVID HAJIME BROWN (hereinafter "Plaintiff"), is a natural person residing in Alameda County, California at all relevant times. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9. Plaintiff is informed and believes, and thereon alleges that Defendant, MANDARICH LAW GROUP, LLP (hereinafter "MANDARICH"), is or was at all relevant times, a California limited liability partnership engaged in the business of collecting defaulted consumer debts

in this state with its principal place of business located at: 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367. MANDARICH may be served as follows: Mandarich Law Group, LLP, c/o Christopher D. Mandarich, General Partner, 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367. The principal business of MANDARICH is the collection of defaulted consumer debts using the mails and telephone, and MANDARICH regularly attempts to collect defaulted consumer debts alleged to be due another. MANDARICH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

10. Defendant, CACH, LLC (hereinafter "CACH"), is a Colorado limited liability company engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 4340 South Monaco Street, 2nd Floor, Denver, Colorado 80237. CACH may be served as follows: CACH, LLC, c/o The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado 80202. The principal business of CACH is the collection of defaulted consumer debts using the mails and telephone, and CACH regularly attempts to collect defaulted consumer debts alleged to be originally due another. CACH is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). CACH is vicariously liable to Plaintiff for the acts of MANDARICH.[2]

11. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

---

[2] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

## VI. FACTUAL ALLEGATIONS

12. On a date or dates unknown to Plaintiff, Plaintiff incurred a financial obligation, namely a consumer credit account issued by MBNA America N.A. (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

13. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt is alleged to have been sold, assigned or otherwise transferred to Defendant CACH for collection from Plaintiff.

14. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, referred or otherwise transferred to Defendant MANDARICH for collection from Plaintiff.

15. On or about April 5, 2011, Defendants filed a lawsuit against Plaintiff in the Superior Court of California, Alameda County captioned *CACH, LLC v. David H. Brown, et al.*, Case No. FG-11-569905 (hereinafter "the collection lawsuit").

16. On or about June 30, 2011, Plaintiff retained the legal services of Fred W. Schwinn of the Consumer Law Center, Inc., to represent him with regard to the debt.

17. On or about June 30, 2011, Fred W. Schwinn served Defendants with <u>Defendant David H. Brown's Answer to Complaint of CACH, LLC</u> which notified Defendants that Plaintiff was represented by Fred W. Schwinn with regard to the debt.

18. Plaintiff is informed and believes, and thereon alleges that Defendants had actual knowledge that Plaintiff was represented by an attorney with regard to the debt alleged to be owed to CACH, LLC, on or about July 1, 2011.

19. At no time has Fred W. Schwinn of the Consumer Law Center, Inc., notified Defendants that he was no longer representing Plaintiff with regard to the debt.

20. Thereafter, on or about October 15, 2012, Defendants sent a collection letter directly to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). A true and accurate copy of the collection letter from Defendants to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

22. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

23. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

24. Defendant, MANDARICH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25. Defendant, CACH, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

26. The financial obligation owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

27. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendants continued to communicate directly with Plaintiff regarding the

collection of the debt originally owed to MBNA America, N.A., after Defendants had actual knowledge that Plaintiff was represented by an attorney with respect to the debt, in violation of 15 U.S.C. § 1692c(a)(2).

28. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

29. As a result of Defendants' violation of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

31. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

32. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

33. Defendant, MANDARICH, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

34. Defendant, CACH, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

35. The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

36. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a. Defendants continued to communicate directly with Plaintiff regarding the

collection of the debt originally owed to MBNA America, N.A., after Defendants knew that Plaintiff was represented by an attorney with respect to the debt, in violation of Cal. Civil Code §§ 1788.14(c) and 1788.17.[3]

37. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

38. As a result of Defendants' willful and knowing violation of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

39. As a result of Defendants' violation of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[4]

40. As a result of Defendants' violation of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[5]

41. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(a)(2);

---

[3] 15 U.S.C. § 1692c(a)(2).
[4] 15 U.S.C.§ 1692k(a)(2)(A).
[5] 15 U.S.C.§ 1692k(a)(3).

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.14(c) and 1788.17;

d) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

f) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17;[6]

g) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[7] and 1788.30(c); and

h) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
DAVID HAJIME BROWN

[6] 15 U.S.C. § 1692k(a)(2)(A).
[7] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID HAJIME BROWN, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.