1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID HAJIME BROWN,

          Plaintiff,

   v.

MANDARICH LAW GROUP, LLP, et al.,

          Defendants.

Case No.  13-cv-04703-JSC

**ORDER GRANTING MOTION FOR FEES**

Re: Dkt. No. 31

7

8

9

10

11

12

13

14

15

16

17

18

     After reaching a settlement in this debt collection action, Plaintiff David Hajime Brown filed this motion to recover attorneys' fees and costs from the Defendants Mandarich Law Group, LLP ("Mandarich") and CACH, LLC ("CACH").  (Dkt. No. 31.)  Plaintiff seeks an award of $9,687.86 in attorney fees and costs.  After carefully considering the parties' pleadings, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and grants Plaintiff's motion in the total amount of $8,002.86.

19

**BACKGROUND**

20

21

22

23

24

25

26

     Defendants filed a debt collection lawsuit against Plaintiff in April 2011 in Alameda Superior Court.  Shortly after, Brown retained the legal services of Fred W. Schwinn of Consumer Law Center to represent him in connection with the debt collection lawsuit.  Nonetheless, during the pendency of the lawsuit, Defendants sent a communication directly to Brown rather than to his attorney.  Brown subsequently filed this action against Defendants on October 6, 2013, alleging that the communication Defendants made directly to Brown violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. Sections 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act, California Civil Code Sections 1788, *et seq..*  (Dkt. No. 1.)

27

28

     Shortly after Defendants answered the complaint, Brown filed two substantive motions: one to strike Mandarich's affirmative defenses, (Dkt. No. 18), and another to strike CACH's

United States District Court
Northern District of California

1
2
3
4
5
6

affirmative defenses (Dkt. No. 20).  Before any responses to the motions were filed, Defendants made an offer of judgment to Plaintiff in the amount of $2000 plus reasonable attorneys' fees and costs.  (Dkt. No. 22.)  Plaintiff accepted the offer and thereafter filed the present motion for attorneys' fees and costs under the FDCPA, requesting $9,687.86.  (Dkt. No. 31; Dkt. No. 33.) Defendants contend that Plaintiff's claimed attorneys' fees and costs are unreasonable and should be reduced by 50%.  (Dkt. No. 32.)

**LEGAL STANDARD**

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

Under the FDCPA, a successful plaintiff is entitled to receive reasonable attorneys' fees and costs as part of the damages from the liable debt collector.  15 U.S.C. § 1692k(a)(3);  *see also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973 (9th Cir. 2008) ("The FDCPA's statutory language makes an award of fees mandatory").  "[A] reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This calculation is referred to as the "lodestar."  *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).  "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).  A court should not uncritically accept a party's representation of attorneys' fees.  *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984).  Thus, an independent review of the record is required.  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1151 (9th Cir. 2001).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.  The final award of attorneys' fees is within the discretion of the Court. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69 (9th Cir. 1975).

22

**DISCUSSION**

23

**I.    The Requested Hourly Rates are Reasonable.**

24
25
26
27
28

Brown requests a $450 per hour rate for his attorney Fred Schwinn and a rate of $350 for Raeon R. Roulston, Schwinn's associate.  A requested rate should be compared to reasonable rates charged for similar work performed by attorneys with comparable experience in the forum state. *Camacho*, 523 F.3d at 980 (9th Cir. 2008).  Affidavits of the plaintiff's attorneys and other attorneys in the area are sufficient for a plaintiff to meet this burden.  *Id.*  Once a party submits

*United States District Court*
*Northern District of California*

2

evidence supporting its fees, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397-98.

In 2011, the statewide average rate for small consumer law firms was $406.[1] (Dkt. No. 31 at 12.)  This court has previously awarded Schwinn his requested rate of $450.  *See Rivera v. Portfolio Recovery Associates, LLC*, No. 13-2322 MEJ, 2013 WL 5311525, at *8 (N.D. Cal. Sept. 23, 2013).  Moreover, Brown filed declarations from his attorneys, as well as from other consumer law attorneys in the Bay Area, each of which stated that the sought-after $450 and $350 rates are reasonable for consumer law attorneys with their respective experience.  (*See* Decl. of Fred W. Schwinn, Dkt. No. 31-1; Decl. of Raeon R. Roulston, Dkt. No. 31-3; Expert Decl. of Ronald Wilcox, Dkt. No. 31-4; Expert Decl. of Scott Maurer, Dkt. No. 31-5.)

In *Camacho* the defendant provided expert declarations to rebut the plaintiff's evidence and show that the requested hourly rates were unreasonable.  523 F.3d at 980.  In contrast, Defendants have not provided any evidence to challenge the accuracy or reasonableness of Brown's requested rates.  Rather, Defendants merely criticize Brown's supporting declarations, contending that these rates are unreasonable because: (1) the rates are based on a range for the entire State of California, as opposed to the Northern District, and (2) Schwinn's years of legal experience outside of California should not count towards the Northern District rate.

Although Defendants are correct that the Northern District of California is the relevant community for determining the prevailing market rate, *see id.* at 979, their assertion provides them no relief.  Defendants fail to provide evidence of the prevailing rates for the Northern District, let alone evidence that those rates are lower than what Plaintiff requested.  Indeed, narrowing the statewide California rate to reflect only the Northern District would likely result in a prevailing market rate higher than what Brown requests.  In *In re HPL Technologies, Inc. Securities Litigation*, for example, the court determined appropriate rates by referencing the Laffey Index, an objective measure that indicates prevailing attorneys' fee rates in Washington D.C., and then

---

[1] *United States Consumer Law Attorney Fee Survey Report 2010-2011*, at p. 32.  Retrieved from http://www.lb7.uscourts.gov/documents/ILSD/11-53.pdf on March 17, 2014.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   adjusting it relative to the 2005 Federal locality pay differentials.  366 F. Supp. 2d 912, 921 (N.D.

2   Cal. 2005).  The prevailing rates were adjusted upwards by 9% to reflect the market difference in

3   the San Francisco Bay Area.  *Id.*  Using the *In re HPL Technologies* formula with the 2013 Federal

4   locality pay differentials indicates that the San Francisco Bay Area has the highest differential in

5   California.  *See Judiciary Salary Plan Base and Locality Pay Tables*, http://jnet.ao.dcn/human-

6   resources/human-resources-management/compensation/pay-tables-united-states-courts/2013-pay-

7   tables/judiciary-salary-plan-jsp-base-and-locality-pay-tables.  To compare: the Bay Area's

8   differential would be +10.93%; Los Angeles's would be +2.94%; San Diego's would be -0.03%;

9   Sacramento's would be -2.02%.

10           As for Defendants' second argument, they do not cite any authority to support the notion

11   that Schwinn's experience should not reflect the time he practiced consumer law outside of

12   California.  To the contrary, courts have acknowledged Schwinn's experience in both Kansas and

13   California.  *See Johnson v. CFS II*, No. 12-1091 LHK, 2013 WL 6841964, at *8 (N.D. Cal. Dec.

14   27, 2013) (finding that Schwinn's requested hourly rate was reasonable in light of the 16 years he

15   spent practicing consumer law, which included time in both Kansas and California).  The Court

16   can discern no reason why it should not credit his federal practice experience in Kansas,

17   particularly in a FDCPA case.  Plaintiff's requested rates are reasonable.

**II.       The Attorneys' Lodestar Should Be Adjusted Downwards Because Many of the
            Charges Are Duplicative or Excessive.**

18           Once a reasonable rate has been determined, the Court must decide whether the hours

19   charged are reasonable.  Thus, an award may be reduced based on numerous other factors,

20   including:

21           (1) the time and labor required, (2) the novelty and difficulty of the questions
            involved, (3) the skill requisite to perform the legal service properly, (4) the
22          preclusion of other employment by the attorney due to acceptance of the case, (5)
            the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations
23          imposed by the client or the circumstances, (8) the amount involved and the results
            obtained, (9) the experience, reputation, and ability of the attorneys, (10) the
24          "undesirability" of the case, (11) the nature and length of the professional
25          relationship with the client, and (12) awards in similar cases.

26   *Kerr*, 526 F.2d at 70.  Only some of the *Kerr* factors are relevant here: the time and labor required,

27   the novelty and difficulty of the issues, the skill required, the amount involved and results

28   obtained, and awards in similar cases.

4

United States District Court
Northern District of California

1    Schwinn is a frequent consumer litigator, having filed 29 cases in 2013, and another 42 in

2    2012.  (Exhibit 2, Dkt. No. 32-2.)  Here, Defendants committed a technical violation of the

3    FDCPA by sending a communication directly to Brown.  *See Kinh Tong v. Capital Mgmt. Servs.*

4    *Grp., Inc.*, No. 07-1026 RMW, 2008 WL 171035, at *1 (N.D. Cal. Jan. 18, 2008).  Schwinn

5    claims 11.9 hours of compensable work performed up to the filing of this fee motion.  Roulston

6    claims 10.9 hours of compensable work for preparing the fee motion and reply.  Defendants

7    request that specific charges be deducted: time spent preparing the complaint; a series of six-

8    minute charges that were billed for short, non-complex tasks; and charges for duplicative work

9    performed preparing two substantially identical motions to strike.  Defendants ask that the

10   remaining charges, including charges incurred to prepare the fee motion, be reduced across-the-

     board by 50%.

11   Courts considering similar FDCPA claims that were resolved at an early stage of litigation

12   have reached varying results.  Faced with a similar technical violation in *Kinh Tong*, the court

13   reduced Schwinn's requested hours from 65.5 hours to a total of 18 hours.  *Id.* at *1-2.  The court

14   justified this reduction in large part because of confusion and stonewalling instigated by Schwinn

15   to increase attorney fees, which prevented the matter from being resolved at a much earlier stage.

16   *Id.*  On the other hand, in *Scott v. Federal Bond and Collection Service, Inc.*, the court reduced

17   Schwinn's requested hours by only 24 minutes, leaving 50.7 hours for the lodestar calculation

18   without any across-the-board cuts, for an award of $17,500.  No. 10-2825 LHK, 2011 WL

19   3652531, at *8 (N.D. Cal. Aug 19, 2011); *see also Johnson*, 2013 WL 6841964, at *10 (deducting

20   4.3 hours from Schwinn's total without any further reduction to the lodestar, for an award of

21   $51,140).  Unlike *Kinh Tong*, the courts in *Scott* and *Johnson* did not critique Schwinn's conduct

22   of the case or imply that Schwinn engaged in any tactics meant to increase attorney fees.

23   Courts that have applied across-the-board reductions to Schwinn's hours have tended to do

24   so because the work performed was either duplicative or did not substantially advance the

25   plaintiff's case.  *See Rivera v. Portfolio Recovery Associates, LLC*, 2013 WL 5311525, at *8

26   (deducting 6.9 hours and then further reducing the lodestar by 50%, from $10,845 to $5422.50,

27   because the matter resolved at an early stage of litigation); *Cruz*, 2010 WL 2509988, at *4

     (reducing the lodestar by one-third, from $33,375 to $22,656.17, due to similarities between

28

5

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

motions filed in other cases and in light of Schwinn's experience); *Silva v. Patenaude & Felix, P.C.*, No. 08-3019 JW 2010 WL 2000523, at *4 (N.D. Cal. May 12, 2010) (reducing the lodestar by 20%, from $33,068.77 to $26,455.02, because of similarities between the complaint and a complaint in another case, as well as excessive time spent preparing the fee motion).

### A.      The hours charged for drafting the complaint are not unreasonable.

The 2.2 hours Schwinn spent drafting Brown's complaint is reasonable.  In *Silva*, the court found 2.3 hours spent preparing a complaint to be, by itself, reasonable.  2010 WL 2000523, at *3; *see also Savino v. Computer Credit, Inc.*, 71 F. Supp. 2d 173, 176 (E.D.N.Y. Nov. 20, 1999) ("Initial client intake, preliminary research, and the drafting of a simple FDCPA complaint should have taken no more than three hours.").  Defendants attached similar complaints drafted by Schwinn in other cases, arguing that Brown's claim was neither new nor novel and contending that 2.2 hours was unreasonable.  (*See* Exhibit 1, Dkt. No. 32-1.)  Although Schwinn has drafted similar FDCPA complaints in the past, courts have only found that a similar charge for 2.3 hours was excessive when the complaint was both substantially identical *and* involved the same defendants as a complaint in another case.  *Silva*, 2010 WL 2000523, at *3.  Brown's complaint is identical to other FDCPA complaints in part, but involves a different set of facts and a different defendant.  The time claimed is not unreasonable.

### B.      Certain charges billed at the minimum time increment should be deducted or consolidated.

There are five minimum-increment charges of six minutes on November 22, 2013, three of which involved an exchange of short emails between the parties regarding substitution of the Defendants' counsel.  (Dkt. No. 31-2 at 3.)  These entries can reasonably be reduced from 30 minutes to 18 minutes to reflect the email exchange and overlap with time charged to review an anticipated Substitution of Counsel Notice on January 10, 2014.  *See Bretana v. International Collection Corp.*, No. 07-5934 JF, 2010 WL 2510081, at *5 (Jun. 17, 2010) (finding it would be reasonable to consolidate numerous six minute entries billed on the same day).

Brown's attorneys billed twice for reviewing Defendants' Offer of Judgment on December 17, 2013, and again on December 23, 2013.  This was the same offer that Brown ultimately accepted.  (Dkt. No. 23.)  Although Brown contends that the second review was necessary because the Offer may have changed, (Dkt. No. 33 at 9), there is no record in the docket to support that

1

2

argument.  Accordingly, the Court will reduce these charges by six minutes because Brown did not sufficiently justify the second charge.

3

4

5

The remaining six-minute charges, taken alone, are not improper.  Those charges reflect discrete actions, taken on different days or with respect to different docket items, and then billed at the minimum hourly increment.

6

### C.        The hours charged in preparing the motions to strike are excessive.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Plaintiff's counsel's charges for the minimal law and motion work are more problematic. The defendants, Mandarich and CACH, filed their respective answers and other items independently, rendering much of the work Schwinn performed duplicative because otherwise identical work had to be performed separately for each defendant.  Although filing separate items for each defendant was necessary, some of the time charged to prepare those items appears inflated.  In light of Brown's attorneys' experience in consumer law, the time spent drafting motions to dismiss affirmative defenses is excessive.  *See Cruz v. International Collection Corp.*, No. 08-0991 JF, 2010 WL 2509988, at \*4 (N.D. Cal. Jun. 17, 2010).  For instance, Defendants' answers were substantially identical, yet Schwinn billed the same amount of time, 30 minutes, to review each one.  (*Compare* Dkt. No. 10 *with* Dkt. No. 13.)  Schwinn then billed three hours to draft a motion to strike Mandarich's affirmative defenses, and another two hours to draft a motion to strike CACH's affirmative defenses, although the affirmative defenses were identical to each defendant and only the party names and docket references between the two motions were changed. (*Compare* Exhibit 3, Dkt. No. 32-3 *with* Exhibit 4, Dkt. No. 32-4.)  Although three hours drafting a motion to strike, taken alone, may be reasonable, *see Scott*, 2011 WL 3652531, at \*6, here the combined five hours spent drafting two of them is excessive because the motions are substantially identical.  Accordingly, the Court shall reduce the six hours spent reviewing the affirmative defenses and drafting the motions to strike by 1.5 hours.

24

### D.        The hours charged to draft the instant fee motion are excessive.

25

26

27

28

Plaintiff includes time counsel spent preparing for and drafting the instant fee motion and reply as part of the lodestar.  "In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985).  Time billed for

United States District Court
Northern District of California

1    "fees on fees" is calculable in the lodestar, but still may be reduced to the extent that it is

2    excessive. *Camacho*, 523 F.3d at 981-83; *see, e.g.*, *Silva*, 2010 WL 2000523, at *3 (finding that

3    12 hours spent preparing a fee motion and reply was excessive and merited a reduction). In

4    *Owens v. Brachfeld*, the trial court noted that similarities between motions filed in other cases

5    tended to indicate that hours spent litigating a "cookie-cutter" action were excessive. No. 07-4400

6    JF, 2008 WL 5130619, at *2 (N.D. Cal. Dec. 5, 2008). The court proceeded to reduce the time

7    Schwinn spent preparing the fee motion by 50%, from three hours to 1.5 hours, because the

8    motion was very similar to a fee motion filed in another case. *Id.* at *2 n.8.

9        Here, Plaintiff anticipated that one hour of attorney time would be billed to prepare for and

10   attend the hearing for the instant motion. Because the hearing has been vacated, that hour will not

11   be included in the lodestar calculation. Of the remaining 20.9 total hours Schwinn and Roulston

12   billed for this case, nearly half were related to this fee motion: Roulston billed four hours drafting

13   the fee motion and another five related to preparing the reply. (Dkt. No. 31-2 at 4; Dkt. No. 33.)

14   Furthermore, the instant motion is substantially similar to fee motions filed in *Rivera* and *Scott*.

15   *See Rivera v. Portfolio Recovery Associates, LLC.*, No. 13-2322 MEJ, Dkt. No. 22-1 (N.D. Cal.

16   Aug. 22, 2013); *Scott v. Fed. Bond and Collection Serv., Inc.*, No. 10-02825 LHK, Dkt. No. 51-2

17   (N.D. Cal. May 5, 2011). To compare: in *Scott*, Schwinn and Roulston billed a total of 55.4 hours,

18   only 1.5 hours of which were spent drafting the fee motion. *Id.*, Dkt. No. 51-4. In *Rivera*,

19   Schwinn billed 2.5 hours to prepare the fee motion. No. 13-2322 MEJ, Dkt. No. 22-3 at 7. The

20   trial court, without deducting time charged to prepare the fee motion and reply, found that an

21   across-the-board fee reduction of 50% was appropriate. *Rivera*, 2013 WL 5311525, at *7. The

22   four hours charged preparing the instant motion is excessive when compared to the time spent on

23   the merits of the case and to prepare substantially similar fee motions filed in other cases.

24   Accordingly, the Court shall reduce the four hours spent drafting the fee motion by 1.5 hours. The

25   time spent on the reply, however, is reasonable given that the reply responded to the fact-specific

     issues raised by Defendants.

### III.   Brown's Costs Are Reasonable.

26       Brown seeks $517.86 in costs, of which Defendants dispute $38.86 in charges for postage

27   and photocopying. Courts may "award copying costs for any document necessarily obtained for

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1  use in the case and does not specifically require that the copied document be introduced into the

2  record to be an allowable cost." *Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams,*

3  *Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (internal quotation marks omitted).  Courts have typically

4  awarded postage and photocopying costs in FDCPA cases, provided they were adequately

5  documented. *See Rivera*, 2013 WL 5311525, at *8; *see also Scott*, 2011 WL 3652531, at *4.

6  Although the costs were not included in the Bill of Costs, (Dkt. No. 28), Brown's time sheet

7  includes an itemized list of the amount and reason for each postage or photocopying expense.

8  (Dkt. No. 31-2 at 5.)  Absent evidence to the contrary, Brown's documentation is sufficient to

9  establish that the costs are reasonable.

### CONCLUSION

10  For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorneys' fees and

11  costs with the following deductions for excessive hours charged:

12  - Six minutes for double-billing time to review the unchanged Offer of Judgment.
13  - 12 minutes to consolidate numerous minimum-increment charges made on November 22, 2013.
14  - 1.5 hours from time spent reviewing Defendants' affirmative answers and drafting the motions to dismiss.
15  - 1.5 hours from time spent preparing the fee motion.

16  The lodestar shall be calculated as follows: 10.1 hours charged by Schwinn at $450 per hour and

17  8.4 hours charged by Roulston at $350 per hour.  Including $517.86 in costs, Plaintiff's final

18  award is $8,002.86.

19  **IT IS SO ORDERED.**

20  Dated: April 2, 2014

21  _____
JACQUELINE SCOTT CORLEY
22  United States Magistrate Judge

23

24

25

26

27

28

9