UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAJIME BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>MANDARICH LAW GROUP, LLP, et al.,<br><br>  Defendants. | Case No. 13-cv-04703-JSC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER REFERRED TO MAGISTRATE JUDGE AND DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION**<br><br>Re: Dkt. Nos. 49, 50, 51 |

Plaintiff David Hajime Brown brought this action against Defendants Mandarich Law Group, LLP, and CACH LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 , and its California counterpart, the Rosenthal Fair Debt Collection Practices Act. Following a settlement, the Court entered a stipulated judgment against Defendants jointly and severally. (Dkt. No. 26.) On June 23, 2014, the Court granted in part Defendant CACH's Motion to Offset the Judgment. (Dkt. No. 48.) Thereafter, on July 7, 2014, Defendants filed a Motion for De Novo Determination of Dispositive Matter Referred to Magistrate Judge (Dkt. No. 49), and the following day, a Motion for Leave to File Motion for Partial Reconsideration. (Dkt. No. 50.)

Defendants' Motion for De Novo Determination (Dkt. No. 49) is denied, as it was improperly filed under Federal Rules of Civil Procedure 72(b). Rule 72(b) governs court-ordered referrals of dispositive pretrial matters pursuant to statutory authorization in 28 U.S.C. § 636(b)(1)(B). Here, the parties consented to proceed before a Magistrate Judge (Dkt. No. 16) and the matter in question is a post-judgment motion. (Dkt. No. 40.) Rule 72(b) does not apply.

Defendants' Motion for Leave to File Motion for Partial Reconsideration under Civ. L. R.

7-9 is also denied. Defendants bring this motion on the grounds that the Court failed to consider "that judgment was entered against Defendants jointly and severally," and that "having no evidence to support the assertion of a lien by Plaintiff's counsel, [the Court] improperly declined to offset CACH's judgment against the entire federal court judgment given the available facts." (Dkt. No. 50 at 2.) To prevail on a motion for reconsideration, Defendants must specifically show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L. R. 7-9(b)(3).

Defendants' first argument, that the Court did not consider the joint and several nature of the judgment, is incorrect. The Court specifically noted that "Defendants . . . agreed to jointly and severally pay Plaintiff $2,000.00 in statutory damages." (Dkt. No. 48 at 1.) Given this explicit reference to joint and several liability, the Court did not fail to consider this fact. Further, the Court's June 23, 2014 Order granting the motion to offset in part was as to Defendant CACH only. (Dkt. No. 48.) Despite Defendant Mandarich's assertion that it sought offset as to both parties, (Dkt. No. 49 at 2), the motion is clear that only Defendant CACH sought offset. For example, in the motion's introduction, Defendant CACH stated "Because Plaintiff has shown no intention or ability to pay the state court judgment, Defendant CACH now request [sic] to invoke their equitable right to offset the state court judgment against the federal court judgment." (Dkt. No. 40 at 2:18-22; *see also id.* at 2:1-2 ("Defendant CACH, LLC ("CACH") will move this Court to offset judgment pursuant to Fed. R. Civ. P. 69.") In any event, Defendant Mandarich does not have any judgment against Plaintiff to offset. Accordingly, offset was properly only granted as to CACH. (Dkt. No. 40.)

Defendants' second argument, that the Court erred in determining that the attorney's fee award had priority over the offset sought, is improper under Civ. L. R. 7-9. Defendants' motion is not based on the failure to consider material facts or argument previously presented to the Court, but rather, seeks to reargue the basis for the motion. The Court previously considered the arguments presented by the parties, and in its discretion, denied the motion to offset as to the attorneys fee award.

Finally, the Court notes that it is not ruling on whether, and to what extent, the offset

2

1 allowed partially satisfies the judgment such that the amount remaining to be collected from either
2 defendant is reduced by $2000.00.  In other words, the outstanding amount of the judgment is not
3 before the Court.
4       Accordingly, Defendant's motions are DENIED.  This Order disposes of Docket Nos. 49,
5 50, and 51.

7 **IT IS SO ORDERED.**
8 Dated: August 5, 2014

                                        _____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California