UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAJIME BROWN,<br><br>   Plaintiff,<br><br>   v.<br><br>MANDARICH LAW GROUP, et al.,<br><br>   Defendants. | Case No. 13-cv-04703-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION FOR RELIEF UNDER RULE 60(B)(5) & (6)**<br><br>Re: Dkt. No. 62 |

This is the latest in a string of post-judgment filings in this action originally brought by Plaintiff David Hajime Brown alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and its California counterpart, the Rosenthal Fair Debt Collection Practices Act, by Defendants Mandarich Law Group, LLP and CACH, LLC. Shortly after the lawsuit was filed, the parties reached a settlement agreement whereby Defendants agreed to jointly and severally pay Plaintiff $2,000.00 in statutory damages (Dkt. No. 26), and the Court granted Plaintiff's motion for attorney's fees in the amount of $8,002.86. (Dkt. No. 39 at 1.) Thereafter, the Court granted in part and denied in part Defendant CACH's Motion to Offset the Judgment, offsetting the statutory damages portion of the judgment as to Defendant CACH based on an earlier outstanding judgment CACH had obtained against Plaintiff in the Alameda County Superior Court. (Dkt. No. 48.) The Court subsequently denied Defendants' motions for reconsideration of the offset order (Dkt. Nos. 53) and Plaintiff's supplemental motion for attorney's fees. (Dkt. No. 61.)

Defendants now move for relief under Federal Rule of Civil Procedure 60(b)(5) & (6) requesting that the Court order the judgment satisfied based on their tender of $8,323.62—a tender which Plaintiff rejected. (Dkt. No. 62.) After carefully considering the arguments and briefing

1  submitted and having had the benefit of oral argument on February 26, 2015, the Court hereby
2  GRANTS Defendants' motion.  Defendant has tendered full satisfaction of the outstanding
3  judgment.
4     As an initial matter, "federal courts within the Ninth Circuit have consistently interpreted
5  [the FDCPA and its California counterpart] to permit a maximum of $1,000 in statutory damages
6  per lawsuit." *Scott v. Fed. Bond & Collection Serv., Inc.*, No. 10-CV-02825, 2011 WL 176846, at
7  *3 (N.D. Cal. Jan. 19, 2011).  Thus, Plaintiff's statutory damages here are $2,000 total, not $2,000
8  as to each Defendant.  The damages were, however, assessed jointly and severally per the parties'
9  settlement agreement.  (Dkt. No. 48.)  Thus, Plaintiff could collect the $2,000 from either
10 Defendant CACH or Defendant Mandarich or both to obtain a total of $2,000.  The question is
11 whether the offsetting of the judgment as to Defendant CACH by $2,000 constitutes satisfaction of
12 the judgment given Defendants' joint tortfeasor status, or whether, as Plaintiff argues, he remains
13 able to collect the $2,000 statutory damages judgment against Defendant Mandarich.  The Court
14 concludes that the statutory damages judgment here was satisfied by the offset judgment.
15    "[I]f one joint tortfeasor satisfies a judgment against all joint tortfeasors the judgment
16 creditor cannot obtain a double recovery by collecting the same judgment from another of the
17 tortfeasors." *Neubauer v. Goldfarb*, 108 Cal.App.4th 47, 52, 133 Cal.Rptr.2d 218 (2003).  "The
18 rationale is that an injured person is entitled to only one satisfaction of judgment for a single harm,
19 and full payment of a judgment by one tortfeasor discharges all others who may be liable for the
20 same injury." *Jhaveri v. Teitelbaum*, 176 Cal. App. 4th 740, 753-54 (2009) (internal citation and
21 quotation marks omitted).  It is irrelevant here that the satisfaction of the judgment was through an
22 offset of a judgment previously owed to one of the Defendants.  Plaintiff effectively received the
23 damages by having the debt he owed to one of the parties reduced by the amount of damages
24 owed.  *Cf. Syverson v. Heitmann*, 171 Cal.App.3d 106, 110 (Cal.App.1985) ("Where a plaintiff's
25 settlement completely offsets the damages assessed against a nonsettling joint tortfeasor, it reduces
26 the judgment to zero by operation of law.")  This conclusion is consistent with the equitable nature
27 of the single satisfaction rule, the purpose of which "is to prevent unjust enrichment." *Milicevich*
28 *v. Sacramento Med. Ctr.*, 155 Cal. App. 3d 997, 1003 (Cal. Ct. App. 1984) (internal quotation

1   marks and citation omitted); *see also McCall v. Four Star Music Co.*, 51 Cal.App.4th 1394, 1399,
2   59 Cal.Rptr.2d 829 (1996) (noting that the rule is designed to prevent double recovery); *Winzler &*
3   *Kelly v. Superior Court*, 48 Cal. App. 3d 385, 392 (Cal. Ct. App. 1975) ("the injured party can
4   receive only one satisfaction for his injury.").

5   Defendants ask that the Court either grant satisfaction of the judgment pursuant to Federal
6   Rule of Civil Procedure 60(b)(5) based on Defendants' tender of full satisfaction of the judgment
7   via their tender of a check for $8,323.62 on November 3, 2014, or order Plaintiff to accept the
8   previously tendered amount and file a satisfaction of judgment upon deposit of the funds.  Plaintiff
9   is directed to accept the check for $8,323.62 tendered at the hearing on February 26, 2015 and file
10  a satisfaction of judgment forthwith.

12  **IT IS SO ORDERED**.

13  Dated: February 27, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3